THE defendant was indicted at the District Court of Morgan Town, in May, 1808. The indictment consisted of three counts, of which the first and third only were found true. The first count set forth that the defendant bearing in his heart great and rancorous malice, and ill will towards John G. Jackson, made an assault on the said John G. Jackson, and him did beat, wound and ill treat, u and that the said John Somerville with a certain “ hickory club which he the said John Somerville in his “ right hand then and there had and held did give and “ strike the said John G. Jackson a grievous blow on the “ right side of the head of him the said John G. Jackson, “ thereby maiming and disabling him the said John G. “ Jackson by fracturing the scull of him the said John “ G. Jackson, and other wrongs and enormities to the “ said John G. Jackson then and there did to the great “ damage, terror, and danger of him, &c. against the “ peace and dignity of the commonwealth.” The second count was a charge for a simple assault and battery.
The defendant, in September, 1808, filed a plea to the jurisdiction of the court, which set forth as a cause why the district court should not take further cognizance of *165 the bill of indictment, that the assault and battery in the last count charged is the same maiming and disabling by fracturing the scull as in the first count is contained and charged, and that the offence, if committed, was done in Harrison county, and that after the commitment of the offence, an examining court for Harrison county was held on the said defendant, on a charge of having feloni-ously, by lying in wait, disabled the head and right arm of Jackson with intent to disable and kill, and that the examining court were of opinion that he was not guilty of the several charges alleged against him, and acquitted him of the same, and further ordered him to enter into a recognizance to appear at the next quarterly term of Harrison court, to answer such charges as might then be brought against him, and also for his good behaviour; that the defendant entered into the recognizance, and also appeared at the next quarterly term for Harrison county in discharge of his recognizance: profert of the record of the examining court was then made, and the defendant further averred that the fact for the examination whereof the said examining court was held, and the fact charged in the indictment, are one and the same and not several; that the charge for the answering whereof he was recognized, and the offence charged in the indictment are one and the same and not several, and therefore the said defendant for plea saith that the offence charged in the indictment is cognizable in Harrison county court and not elsewhere, and concludes with a verification.
*166 The record of the examining court is copied into the record, by which it appears that he was examined as set forth in the plea, and acquitted, and recognized to appear at the next quarterly court for Harrison county. The record of his appearance at the next quarterly court for Harrison county is also copied into the record} it merely states that he appeared, and the prosecutor not appearing he was discharged.
To this plea to the jurisdiction the attorney for the commonwealth demurred, and there was joinder.
The district court sustained the demurrer, and thereupon the defendant pleaded not guilty, and issue was taken on it.
At the circuit court held for Harrison county in May 1809, jthe defendant appeared and filed a special plea to the indictment. It was a plea of autrefoits convict, and seriforth that Jackson had presented a bill of appeal in Harrison county court for the said mayhem (with which the indictment charged him) against the said John So-merville and others, and had recovered damages to the amount of 388 dollars, against the said Somerville, and therefore that the said defendant was formerly convicted of the said mayhem, and prays judgment and that he be discharged. There was no replication to this plea, but at *167 the October term, 1809, a case was agreed by the prosecutor and the defendant, by which it was stated “ that an action was prosecuted by the prosecutor John G. Jackson against the defendant John Somerville for the same of-fences charged in the indictment of which the following is a record copy, and submit to the court if it be a bar to the prosecution on the indictment.” Then follows the record of the action which consists of a declaration, plea, issue, verdict and judgment. The declaration contained two counts, the first whereof charged the defendants, that they assaulted the plaintiff in the night time, secretly, and by lying in wait, with force and arms, to wit, clubs, guns, pistols, &c. and beat, wounded, and ill-treated him, to wit, by giving him so many and grievous wounds, blows, and bruises on the head, right arm, and hotly of the plaintiff, that they broke and fractured 1_ bruised and disabled his right arm, by rea^mA^reof he was greatly injured and disabled and his l|Ee of, and his business neglected, and great c-xnense was in-^ curred in and about his recovery. The charged a simple assault and battery. Upon t! case being argued, the court overruled the plea of autre foils convicts.
At the same term another special plea was offered by the defendant. It set forth that he had been examined for the offence charged in the indictment, by a court of jus *168 tices for Harrison county, and that upon such examination he was acquitted. This plea offormer acquittal, was also overruled by the court. Whereupon the defendant was tried on his plea of not guilty; the jury found him guilty, and assessed his fine to twenty dollars.
The circuit court then adjourned the case to the general court, for their consideration, on the following points.
1st. Whether the first count of the indictment be good.
2d. Whether any plea of a former acquittal of the offences contained in the first and third counts, or either of them is supported by the record of the examining court of Harrison; which record is certified.
3cl. Whether, if such plea mentioned in the second point could have been so supported, the reception thereof was precluded by the plea in the record contained and overruled by the district court at Morgan Town.
4th. Whether the agreed case and record therein referred to and herewith certified, will support the plea filed of a former conviction upon an alleged appeal in Harrs - son county court.
*169 The general court, November 13th, 1810, consisting of Judges William Nelson, Whitt, Carrington, Brooke, Holmes, Coalter, Hugh Nelson, and Brockenbrough, declared it to be their unanimous opinion, “ 1st. That the “ first count in the indictment in the record referred to, “ is not a good count for mayhem, but that it is good as “ a count for an assault of an aggravated nature.”
“ 2d. That any plea of a former acquittal of the offences “ in the first and third counts, or either of them, is not “ supported by the record of the examining court of Har-dison county.”
“ 3d. That it is unnecessary to decide the third point “ adjourned, as any plea of a former acquittal is not “ supported by the record.”
“ 4th. And as to the fourth point, that the agreed case “ and record referred to, will not support the plea of a “ former conviction upon an alleged appeal in Harrison 44 county court.”